UNITED STATES of America,
Plaintiff-Appellee,

v.

Patrick H. WRIGHT, Jr., and William
E. Armstrong, Defendants-Appellants.

No. 85–4208.

United States Court of Appeals,
Fifth Circuit.

Nov. 6, 1986.

---

George M. Strickler, New Orleans, La., Thomas W. Davenport, Jr., Patrick H. Wright, Jr., William E. Armstrong, Lavalle B. Salomon, Monroe, La., for Wright.

Mack E. Barham, David B. Girard, New Orleans, La., for Armstrong.

D.H. Perkins, Jr., Asst. U.S. Atty., Joseph S. Cage, Jr., U.S. Atty., Shreveport, La., for U.S.

Before BROWN, JOHNSON and JOLLY, Circuit Judges.

## ON PETITIONS FOR REHEARING AND SUGGESTIONS FOR REHEARING EN BANC

(797 F.2d 245, 5th Cir.1986, August 18, 1986)

E. GRADY JOLLY, Circuit Judge:

On petition for rehearing, Wright and Armstrong urge, among other things, that the court erred in finding a nexus between the extortionate conduct and interstate commerce. Judge Brown in his dissent argued that this case never should have been brought in the United States District Court and that the extortionate conduct did not sufficiently affect interstate commerce to violate the Hobbs Act. Judge Brown concluded his dissent, "I think we should sound once and for all to United States Attorneys and District Courts not to reach out to the Hobbs Act to bring every crooked small-town officeholder to justice."

Irrespective of whether we are sympathetic with a result that puts the federal government in the business of prosecuting petty crime of a purely local concern, we cannot say that the government has failed to establish every element required by the Hobbs Act, including a connection with interstate commerce, as elucidated in cases from this and other circuits as well as the Supreme Court.

To explain the majority holding of this case in its simplest terms, the district court found as a fact that the failure to prosecute drunk driving increases the number of wrecks on interstate highways. Wrecks on the highways impede the flow of interstate commerce thereby establishing the required connection between the extortionate conduct and interstate commerce. This connection fully satisfies the standard established in our cases that hold that the Hobbs Act requires only a minimal impact on interstate commerce. *E.g., United States v. Sander,* 615 F.2d 215, 218 (5th Cir.1980); *United States v. Summers,* 598 F.2d 450, 454 (5th Cir.1979).

Judge Brown would grant rehearing for the reasons stated in his dissent.

The petition for rehearing is DENIED, and no member of this panel nor judge in regular active service on the court having requested that the court be polled on rehearing en banc, (Federal Rules of Appellate Procedure and Local Rule 35), the suggestion for rehearing en banc is DENIED.